IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:15-cv-667 (CRC) |
| v. | ) ) ) | |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

## ANSWER

Defendant the United States Drug Enforcement Administration ("DEA") answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

DEA is not a proper party defendant.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1. Paragraph 1 characterizes the nature of this action and contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff submitted a request to Defendant for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by electronic mail that identified its "sent" date as Friday February 20, 2015 6:07 pm.

2. The first and third sentences of Paragraph 2 characterize the nature of this action

and contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations. The second sentence of Paragraph 2 characterizes Plaintiff's FOIA request and otherwise sets forth allegations unrelated to Plaintiff's claims under the FOIA. Accordingly, no response is required, and the Court is respectfully referred to Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent a response is deemed necessary, Defendant denies the allegations in this sentence, except that Defendant admits that Plaintiff's FOIA request requested all final versions of "Privacy Impact Assessments ['PIAs'] the DEA has conducted that are not publicly available at http://www.dea.gov/FOIA/PIA.shtml," and all final versions of "Privacy Threshold Analysis documents ['PTAs'] and Initial Privacy Assessments ['IPAs'] the DEA has conducted since 2007 to present."

3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent this paragraph seeks to characterize the cited statutory provisions, the Court is respectfully referred to the cited statutes for a full and accurate statement of their contents. To the extent a response is otherwise deemed necessary, Defendant admits that venue is proper in this District.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. The first sentence of Paragraph 5 sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegation in this sentence. Defendant admits the second sentence of this paragraph.

6-37. The allegations in Paragraphs 6 through 37 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. These paragraphs also set forth characterizations of a federal statute, the E-Government Act of 2002; characterizations of various

documents; as well as legal conclusions, to which no response is required. To the extent Plaintiff cites and seeks to characterize statutory requirements or documents, the Court is respectfully referred to the cited statutes and documents for a full and accurate statement of their contents. To the extent Plaintiff characterizes its "FOIA work" in Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of that allegation. To the extent a response is otherwise deemed necessary, Defendant denies the allegations in these paragraphs, except that DEA admits that it has not posted on its website a PTA, IPA, or PIA for the alleged "DEA programs" described in these paragraphs.

38. Defendant admits that it received a FOIA request from Plaintiff by electronic mail indicating a "sent" date of Friday, February 20, 2015 6:07 pm and otherwise denies the allegations in Paragraph 38.

39-41. Paragraphs 39 through 41 characterize Plaintiff's FOIA request. The Court is respectfully referred to Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with Plaintiff's FOIA request, as clarified by Plaintiff in communication with counsel for Defendant to be limited to final versions of the agency records described, the allegations in these paragraphs are denied.

42. The allegations set forth in Paragraph 42 are admitted.

43. Defendant admits that it has not yet provided a final response to Plaintiff's FOIA request and otherwise denies the allegations in Paragraph 43.

44. Defendant admits that there are 70 calendar days between February 20, 2015, and May 1, 2015, the date Plaintiff filed its Complaint, and otherwise denies the allegations in Paragraph 44.

45-46. Paragraphs 45 and 46 set forth legal conclusions to which no response is required.

To the extent a response is deemed necessary, Defendant refers the Court to cited statutory provisions for a full and accurate statement of their content, and otherwise denies the allegations in these paragraphs.

47. Paragraph 47 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant refers the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise denies the allegations in this paragraph.

48. Defendant repeats and incorporates herein its responses set forth above to Paragraphs 1-47.

49-50. Paragraphs 49 and 50 set forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that it did not provide Plaintiff with a final response to its FOIA request within twenty business days, refers the Court to the cited statutory provisions for a full and accurate statement of their contents, and otherwise denies the allegations in these paragraphs.

51. Defendant repeats and incorporates herein its responses set forth above to Paragraphs 1-50.

52-54. Paragraphs 52 through 54 set forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in these paragraphs.

Any allegation in Plaintiff's Complaint that has not been specifically addressed above is denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever, and requests that the Court enter judgment dismissing this action with

prejudice and award Defendant costs and attorney's fees as allowed under applicable law and such other relief as the Court may deem appropriate.

June 24, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
VINCENT H. COHEN, JR.
Acting United States Attorney
MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC   20530
Tel.   (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*