IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:15-cv-667 (CRC) |
| v. | ) ) ) |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND RESPONSE TO DEFENDANT'S STATEMENT OF FACTS NOT IN DISPUTE**

Pursuant to Local Rule 7(h) of the Rules of the United States District Court for the District of Columbia, Plaintiff Electronic Privacy Information Center ("EPIC") hereby submits the following statement of material facts as to which EPIC contends there is no genuine issue in connection with its cross-motion for partial summary judgment, and EPIC's response to Defendant's statement of material facts.

1.  EPIC agrees that the matters set forth in ¶¶ 1-4 of Defendant's statement of material facts are not in dispute.

2.  EPIC submits that ¶ 5 of Defendant's statement of material facts is not supported by the record because the Declaration of Katherine L. Myrick does not establish that the DEA has published all or almost all of the Privacy Impact Assessments ("PIAs") conducted by the agency.

3.  EPIC submits that ¶ 6 of Defendant's statement of material facts is not supported by the record because the Declaration of Katherine L. Myrick does not establish that the Chief

Information Officer Support Unit ("CIOSU") searched "relevant staff email" to the extent that non-CIOSU staff emails were not searched.

4. EPIC agrees that the matters set forth in ¶¶ 7-13 of Defendant's statement of material facts are not in dispute.

5. EPIC submits that ¶ 14 of Defendant's statement of material facts is not supported by the record because EPIC's request for a supplemental searched identified the programs listed in determination letters for which a PIA was required.

6. EPIC submits that ¶ 15 of Defendant's statement of material facts is not supported by the record because the Declaration of Katherine L. Myrick does not establish that the CSIOU consulted with key officials (e.g. DEA's Senior Component Official for Privacy) with respect to the existence or location of requested documents.

7. The Department of Justice ("DOJ") Office of Privacy and Civil Liberties ("OPCL") provides official guidance on how to conduct a privacy impact assessment and document the assessment. Office of Privacy and Civil Liberties, United States Department of Justice, *Privacy Impact Assessments Official Guidance* (Revised July 2015) ("OPCL PIA Guidance"), http://www.justice.gov/opcl/file/631431/download.

8. The OPCL's official guidance states that the Senior Component Office for Privacy ("SCOP") is required to review and prepare PIAs for OPCL review and sign-off by the Chief Privacy and Civil Liberties Officer. OPCL PIA Guidance at 3.

9. The Chief Information Officer Support Unit ("CIOSU") never consulted with the SCOP regarding location or search methods likely to identify or locate records responsive to EPIC's initial FOIA request or subsequent request for a supplemental search.

10. The CIOSU never consulted with OPCL regarding location or search methods

likely to identify or locate records responsive to EPIC's initial FOIA request or subsequent request for a supplemental search.

11. The E-Government Act of 2002 requires PIAs for electronic information systems and collections of personal information. E-Government Act of 2002, Pub. L. 107-347, § 208, 116 Stat. 2899, 2921-2922 (2002).

12. The E-Government Act of 2002 requires agencies to submit a copy of all PIAs to the Director of the Office of Management and Budget ("OMB") for each system for which funding is requested. *Id.* at 2922.

13. The Director of OMB provides guidance on implementing the privacy provisions of the E-Government Act of 2002. M-03-22, OMB Guidance for Implementing the Privacy Provisions of the E-Government Act 2002, https://www.whitehouse.gov/omb/memoranda_m03-22/.

14. The OMB guidance states that copies of final PIAs should be provided to the Director of OMB for each system for which funding is requested. *Id.* at Attachment B .

15. The OMB guidance requires PIAs for electronic information systems and collections of personal information. *Id.*

16. The CIOSU never consulted with OMB regarding location or search methods likely to yield final PIAs responsive to EPIC's initial FOIA request or subsequent request for a supplemental search.

17. EPIC agreed to accept determination letters in lieu of Privacy Threshold Analysis ("PTA") and Initial Privacy Assessment ("IPA") because the agency represented that the PTAs and IPAs were non-final. *See* Myrick Decl. at ¶¶ 25-26.

18. The thirteen determination letters produced to EPIC were found as part of the

initial search for PTA and IPA documents. *Id.* at ¶¶ 23-25.

19. The CIOSU never conducted a search tailored to find determination letters that would be responsive to EPIC's request.

20. The DEA runs a National License Plate Reader Initiative. *Stopping the Flow of Illicit Drugs in Arizona by Leveraging State, Local and Federal Information Sharing: Hearing Before the Subcomm. On Border and Maritime Security of the H. Comm. on Homeland Security*, 112th Cong. (2012) (statement of Douglas W. Coleman, Special Agent, DEA), http://www.dea.gov/pr/speeches-testimony/2012-2009/120521_testimony.pdf.

21. The DEA runs the DEA Internet Connectivity Endeavor ("DICE"), a program that allows law enforcement to de-conflict investigative information like license plate numbers, phone numbers, email addresses and other personally identifiable information. *Id.*

22. The DEA runs Hemisphere, a telephone record collection program. Brad Heath, *U.S. Secretly Tracked Billions of Calls for Decades*, USA Today (Apr. 8, 2015), http://www.usatoday.com/story/news/2015/04/07/dea-bulk-telephone-surveillance-operation/70808616/.

Dated: January 22, 2016

Respectfully Submitted,

MARC ROTENBERG, D.C. BAR # 422825
EPIC President

ALAN BUTLER, D.C. BAR # 1012128
EPIC Senior Counsel

 /s/ Jeramie D. Scott
JERAMIE D. SCOTT, D.C. BAR # 1025909
Electronic Privacy Information Center
1718 Connecticut Ave. NW, Suite 200
Washington, DC 20009
(202) 483-1140
jscott@epic.org

*Counsel for Plaintiff*